UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

AUDIOVISUAL PUBLISHERS, INC.,

                    Plaintiff,

v.

MANOR CARE INC.,
HERFF JONES, INC.,
NYSTROM, INC., a Division of Herff Jones, Inc.,

                    Defendants.

**DECISION
and
ORDER**

04-CV-0098A(F)

---

APPEARANCES:         KLOSS, STENGER, KROLL & LoTEMPIO
                             Attorneys for Plaintiff
                             VINCENT G. LoTEMPIO, of Counsel
                             69 Delaware Avenue, Suite 1003
                             Buffalo, New York 14202

                             HODGSON RUSS LLP
                             Attorneys for Defendants Herff Jones, Inc. and
                              Nystrom, Inc., a Division of Herff Jones, Inc.
                             JEFFREY C. STRAVINO, of Counsel
                             One M&T Plaza, Suite 2000
                             Buffalo, New York 14203-2391

In this action alleging negligence, conversion, and replevin with respect to the loss of audio master tapes and filmstrip masters, Plaintiff moves by papers filed November 25, 2009, pursuant to 28 U.S.C. § 1404(a), to transfer the action to the Southern District of New York (Doc. No. 60) ("Plaintiff's motion"). Defendants remaining in the action, Herff Jones, Inc. ("Herff Jones") and Nystrom, Inc. ("Nystrom") ("Defendants" or "remaining Defendants"), oppose the motion (Doc. No. 67).[1]

---

[1] Defendant Manor Care, Inc., was dismissed from the action for lack of personal jurisdiction by order of Hon. Richard J. Arcara filed December 5, 2006 (Doc. No. 41) upon this court's Report and Recommendation dated September 27, 2006 (Doc. No. 28).

Plaintiff also moves by letter dated December 4, 2009, to stay discovery pending decision on Plaintiff's motion (Doc. No. 63) ("Plaintiff's motion to stay discovery"). By papers filed December 15, 2009, Defendants opposed this motion as well (Doc. No. 68).

As relevant, 28 U.S.C. §1404(a) ("§1404(a)") permits transfer of "any civil action to any other district . . . where it might have been brought." Thus, §1404(a) requires that the proposed transferee district be one in which "venue and jurisdiction would have been proper at the time the suit was commenced." *Fairfax Dental (Ireland) Ltd. v. S.J. Filhol Ltd.*, 645 F.Supp. 89, 91 (E.D.N.Y. 1986) (citing cases). The court is required to assess whether the transferee district was a proper one based on "the facts as they existed at the time of the complaint," unless a defendant with grounds to object is no longer a party. *Id.* (quoting In re Fine Paper Antitrust Litigation, 685 F.2d 810, 819 (3rd Cir. 1982), *cert. denied*, 459 U.S. 1156 (1983). In seeking transfer, the moving party has the burden to demonstrate the transfer is warranted. *See Filmline (Cross-County) Productions, Inc. v. United Artists Corporation*, 865 F.2d 513, 51 (2d Cir.) ("*Filmline*"), *cert. denied*, 340 U.S. 851 (1950) (party seeking transfer has "burden of making a strong case for a transfer.")). Consideration of the motion is discretionary. *Williams Advanced Materials, Inc. v. Target Technology Company, LLC*, 2007 WL 2245886 at *3) (W.D.N.Y. Aug. 1, 2007) (court has "broad discretion" in deciding requests for transfer and citing cases); *KPMG Consulting, Inc. v. LSQ II, LLC,* 2002 WL 1543907 at *2 (S.D.N.Y. July 12, 2002) (court has "'considerable discretion'" in evaluating transfer motion based on "'case-by-case consideration of convenience and fairness'") (quoting *Bionx Implants, Inc. v. Biomet, Inc.*, 1999 WL 342306 at *3 (S.D.N.Y. May 27, 1999)

(quoting *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992))).

Here, the record available to the court on Plaintiff's motion fails to establish that this action could have been brought in the Southern District of New York. First, Plaintiff fails to show that personal jurisdiction over Defendants exists in New York. For example, as noted, Defendant Manor Care, Inc. was dismissed from the action by decision of this court filed December 5, 2006 (Doc. No. 41) based on a lack of personal jurisdiction. Although remaining Defendants, Herff Jones and Nystrom, did not also assert a lack of personal jurisdiction as a basis for dismissal, nor in response to Plaintiff's motion, nevertheless, Plaintiff has failed to demonstrate the existence of personal jurisdiction existed over remaining Defendants in New York, as is its burden, and that the action therefore could have brought properly in the Southern District at the time this action was commenced in 2004.

Second, where as in this case, subject matter jurisdiction is based on diversity and thus no defendant resides in New York state, an action may be venued only in a district of this state where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated." 28 U.S.C. §1391(a) (" §1391(a)"). Here, based on the record, Plaintiff has alleged that the master audio tapes and filmstrip masters, to which Plaintiff claims ownership, were destroyed as a result of flooding while in Defendants' possession at a facility located in Connecticut, operated by a non-party, as result of Defendants' negligence while acting as Plaintiff's bailees. A careful reading of Plaintiff's motion paper reveals nothing to demonstrate why or how any element of Plaintiff's claims in this action occurred in the Southern District. Although it is true, as noted, that after the

action was commenced in this district, Herff Jones and Nystrom, failed to assert the absence of *in personam* jurisdiction and proper venue as grounds for dismissal, nevertheless because § 1404(a), while permitting transfer to a more convenient district also seeks to prevent forum shopping, Charles Alan Wright and Mary Kay Kane, LAW OF FEDERAL COURTS, § 44 (6th ed. 2002), the statute requires that the putative transferee district be one where the plaintiff had the right to sue a defendant regardless of the defendant's wishes. *See Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (under § 1404 transferee district must be one where plaintiff could have sued defendant regardless of defendant's wishes). *See Schertenlieb v. Traum,* 589 F.2d 1156, 1161 (2d Cir. 1978) (interpreting *Hoffman, in dicta*, as construing § 1404 to "authorize transfer only to an alternative forum in which jurisdiction over the defendant could have been obtained at the time suit was brought regardless of his consent"). It is well-established that the proposed transferee district must be one where the defendants were subject to process. *See Foster-Milburn Company v. Knight,* 181 F.2d 949, 951-2 (2d Cir. 1950) (L. Hand, J.) (concluding that the term "brought" in § 1404(a) includes the requirement that defendant be capable of being served in the transferee district because the doctrine of forum non conveniens "presupposes at least two forums in which the defendant is amenable to process") (quoting Revisers Note to § 1404(a)). *Carlton Intern., PLC v. American Concord Techage, Inc.*, (prerequisite to venue transfer "is the existence of an alternative forum with subject matter jurisdiction over the action in question, where venue is proper, and where the power to process over defendant is available") (citing *Hoffman* and *Foster-Milburn*). Thus, remaining Defendant's consent to transfer (if such Defendants had acquiesced in the proposed transfer which they

have not) is ineffective to permit transfer, *id.*, and, as Plaintiff has failed to demonstrate that both Herff Jones and Nystrom were subject to personal jurisdiction in New York, as well as proper venue in the Southern District, when the suit was commenced, as is its burden, Plaintiff's motion must be denied on this ground.

Even if Defendants were subject to process, it is equally fundamental that in order for an action to be "brought" or commended in a particular district, such district must constitute a proper venue under §1391(a). *Hoffman,* 363 U.S. at 343 (power to transfer does not depend on defendant's "wish or waiver"). *See Daniel v. American Bd. of Emergency Medicine,* 428 F.3d 408, 432 (2d Cir. 2005) ("Section 1391(b)(2) does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred;" but events that occurred in a chosen district must be a "substantial part" of the case.). Here, nothing in either the Complaint or in Plaintiff's motion papers indicates that any events constituting a "substantial part" of the instant action occurred in the Southern District. Plaintiff has thus failed to demonstrate, as is its burden, *Filmline*, 182 F.2d at 521, that at the time of the complaint the instant action could have been brought by Plaintiff, *i.e.*, with proper venue in accordance with §1391(a), in the Southern District of New York, specifically, as relevant, §1391(a)(2). Consequently, that Defendant Manor Care, Inc*.* successfully demonstrated that it was not subject to personal jurisdiction at that time, and remaining Defendants' failure to raise these defenses in this action does not relieve Plaintiff of its burden to demonstrate the existence of jurisdiction and venue in the Southern District regardless of a potential waiver of such defenses by Defendants. *See Foster-Milburn Co.,* 181 F.2d at 952-53.

Moreover, a plaintiff's request for transfer must be based upon a change of

5

circumstances. *See Trehern v. OMI Corporation*, 1999 WL 47303 at *3 (S.D.N.Y. Feb. 1, 1999) (citing *Fairfax Dental (Ireland)*, 645 F.Supp. at 92). Here, Plaintiff relies on the intervening death of its principal owner to establish the requisite change in circumstances. However, Plaintiff is a corporation and, according to Plaintiff, following the owner's death, the action is being prosecuted by the owner's trustee who resides in New Jersey. As such, while Plaintiff's owner's death is, of course, unfortunate and a possibly complicating factor for both actions, yet this action was brought by the Plaintiff as a corporation and not by the owner individually. Significantly, Plaintiff does not dispute it waited five years after the principal's death to file this motion. Thus, while certainly a change of circumstance, the court fails to see how the owner's death demonstrates a material change warranting transfer. *Compare Fairfax Dental (Ireland)*, 645 F.Supp. at 89 (where related patent infringement action filed in proposed transfer district after plaintiff commenced action, transfer granted based on change in circumstances).

Plaintiff's reliance on the fact that litigation on Plaintiff's claim for unpaid royalties remains pending in the Southern District is insufficient to support transfer. Although some of the evidence, including testimony relevant to those claims, could be relevant to this action (a consideration not demonstrated by Plaintiff), the fact remains that, at bottom, this case turns on events and conduct which, based on the pleadings, occurred in Connecticut where the alleged loss of the property at issue was located establishing Defendant's liability as Plaintiff's bailee. Plaintiff's motion makes no attempt to explain why the instant action has any relevance to the action pending in the Southern District over the issue of unpaid royalties incurred prior to this loss. Significantly, in their

6

answer Defendants do not specifically deny Plaintiff is the owner of the property, Complaint ¶ 62 (alleging Plaintiff owns the audio and video masters), Answer ¶ 2 (alleged Defendants lack sufficient knowledge to deny Plaintiff's allegation of ownership), and nothing in the papers suggests that this issue is seriously disputed in the Southern District action. Rather, the record indicates that the primary issue in that case involves the computation of any royalties which may be owed to Plaintiff by Defendants. Simply put, Plaintiff has failed to demonstrate that the two actions are substantially related in ways more than in similarity of parties. As such, the policy favoring transfer of related actions to the same court, *see Fairfax Dental (Ireland),* 645 F.Supp. at 92, is inapplicable.

Defendants also strenuously object to a transfer for the convenience of the parties based on the additional travel time and expense for their witnesses to the Southern District from Illinois and Indiana. That Plaintiff's trustee resides in New Jersey and may, in this action, have to testify in this district is insufficient to warrant transfer. Plaintiff's motion therefore fails to demonstrate why a transfer to the Southern District of New York is necessary for the convenience of witnesses, and Plaintiff does not seek transfer to the District of Connecticut.

Even if Plaintiff had satisfied the applicable prerequisites for transfer under §1404(a), the other relevant factors to warrant a transfer including convenience of witnesses and parties, location of documents, access to proof locus of operative facts, available process, familiarity with governing law, and relative means of parties, do not, on balance, point to the Southern District. *See Williams Advanced Materials, Inc.*, 2007 WL 2245886; *KPMG Consulting, Inc.*, 202 WL 1543907 at **2-3 (citing factors relevant

to proposed transfer and caselaw); *Trehern v. OMI Corporation*, 1999 WL 47303 at *2 (S.D.N.Y. Feb. 1, 1999) (citing factors and caselaw). In particular, consideration of the applicable law, a factor not addressed by the parties, *see KPMG Consulting, Inc.*, 2002 WL 1543907 at *2 (citing, *inter alia*, the forum's familiarity with the governing law as a factor to be considered on a motion for transfer) does not point to the Southern District. The applicable law to Plaintiff's action, absent a choice of law clause in any relevant agreement covering Plaintiff's claims, is likely to be that of Connecticut where the property was located at the time of the asserted loss. *See Padula v. Lilarn Properties Corp.*, 644 N.E.2d 1001, 1002-03 (N.Y. 1994) (applying law of place of negligence where conduct-regulating laws are at issue).[2] As Plaintiff has failed to explain why Judge Crotty, now presiding over Plaintiff's action seeking unpaid royalties pending in the Southern District, is more likely to correctly apply Connecticut law to the issues of a bailee's negligence or Plaintiff's right to replevin as pleaded in this action than would this court, Plaintiff again has failed to meet its burden in support of transfer. Rather, the two salient factors most relevant to the instant action, the locus of operative facts and familiarity with applicable law, *see KPMG Consulting, Inc.,* 202 WL 1542907 at **2-3, are at best neutral between this district and the Southern District and, instead, point to the District of Connecticut where the alleged negligence and loss of the property occurred or where Plaintiff's right of replevin arose if the property nevertheless exists.

Plaintiff does not dispute that the relevant documents are not located in the Southern District, but are located in this district. Defendant's Memorandum at 5.

---

[2] Under New York choice-of-law rules, negligence claims "involve conduct regulation rules." *Emslie v. Recreative Industries, Inc.*, 2010 WL 1840311, at *9 (W.D.N.Y. May 7, 2010).

Further, although Plaintiff alludes to the issue of the ownership of the property, Plaintiff's Memorandum at 3, as explained, Discussion, *supra*, at 7, there is no indication that this issue will be substantially litigated by Defendants in Plaintiff's action now pending in the Southern District. Finally, the record is insufficient to enable the court to assess the relative means of the parties or available process over non-party witnesses, and the court therefore does not consider these factors, although Plaintiff has demonstrated a capacity to pursue its claims over a long period. In sum, Plaintiff's motion should therefore be DENIED.

Regarding Plaintiff's motion to stay discovery pending Plaintiff's motion, as Plaintiff's motion is now decided, Plaintiff's motion to stay should be DISMISSED as moot.[3]

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Doc. No. 60) is DENIED; Plaintiff's motion to stay discovery (Doc. No. 63) is DISMISSED as moot.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: May 26, 2010
Buffalo, New York

---

[3] By separate order, the court has amended the present scheduling order *sua sponte* for good cause.